ASK LLP
Joseph L. Steinfeld, Jr., Esq.
Kara E. Casteel, Esq.
Brigette McGrath, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN 55121
Telephone: (651) 406-9665 Fax: (651) 406-9676

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RML, LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 22-10784 (DSJ) |
| Old Revco GUC Liquidating Trust,<br><br>Plaintiff,<br><br>v.<br><br>Tinuiti, Inc,<br><br>Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Old Revco GUC Liquidating Trust (the "Plaintiff" or "Trust"), by and through its undersigned counsel, files this complaint (the "Complaint") to avoid and recover transfers against

---

[1] On May 31, 2023, the Court entered the *Order (I) Consolidating Remaining Matters Under the Remaining Case, (II) Entering Final Decree Closing Certain of the Chapter 11 Cases, (III) Changing the Case Caption of the Remaining Case, and (IV) Granting Related Relief* [Docket No. 68], closing the affiliated chapter 11 cases and directing that all motions, notices, and other pleadings related to any of the affiliated debtors be filed in this case. The location of RML, LLC's service address for purposes of these Chapter 11 Cases is: 55 Water St., 43rd Floor, New York, NY 10041-0004.

1

Tinuiti, Inc (the "Defendant") and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy proceedings of Revlon, Inc. and its affiliated debtors (collectively, the "Debtors")[2] pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code").

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). The underlying chapter 11 bankruptcy case is captioned *In re RML, LLC*, Case No. 22-10784 (DSJ).

4. This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.

---

[2] Revlon, Inc. and 50 other affiliated Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, which cases were originally jointly administered under Case. No. 22-10760. As noted in footnote 1, all cases other than that of RML, LLC's were closed May 31, 2023.

2

5. Venue of the Debtor's chapter 11 case and this adversary proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## PROCEDURAL BACKGROUND

7. On June 15 and 16, 2022 (collectively, the "Petition Date"), each of the Debtors commenced a chapter 11 case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.

8. On June 16, 2022, the Court entered an order authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b) [Case No. 22-10760, D.I. 51].

9. On April 3, 2023, the Court entered an order (the "Confirmation Order") confirming the *Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy* Code (with all supplements and exhibits thereto, as it has been and may be amended, altered, modified, revised, or supplemented from time to time, including the *Revised Third Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 22-10760, D.I. 1860], the "Plan"), including the Old Revco GUC Liquidating Trust Agreement (the "GUC Trust Agreement") [Case No. 22-10760, D.I. 1865, Ex. N].

10. The effective date of the Plan (the "Effective Date") occurred on May 2, 2023. [Case No. 22-10760, D.I. 1869]. In accordance with the Plan and Confirmation Order, the Trust

3

was established as contemplated by the Plan and Confirmation Order, and the Debtors and the Trustee entered into that certain GUC Trust Agreement.[3]

11. Pursuant to paragraph 154 of the Confirmation Order and Section 4.A.5 of the Plan, the GUC Trust Assets, including all Retained Preference Actions under sections 547 and 550 of the Bankruptcy Code, were transferred to the Trust.

## THE PARTIES

12. Pursuant to the Plan, Confirmation Order, and GUC Trust Agreement, Plaintiff has the capacity, in its own right and name, to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve the Retained Preference Actions, including this avoidance action.

13. Upon information and belief, Defendant was, at all relevant times a vendor or creditor that provided internet marketing services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's principal place of business has been and is located at 121 S 13th Street, 3rd Floor, Philadelphia, Pennsylvania 19107. Plaintiff is informed and believes and on that basis alleges that Defendant is a corporation residing in and subject to the laws of Delaware.

## FACTUAL BACKGROUND

14. As more fully discussed in the *Disclosure Statement for First Amended Joint Plan of Reorganization of Revlon, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"),[4] the Debtors were a global leader in the beauty industry, with a diverse portfolio of brands, including the iconic Revlon and Elizabeth Arden

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or Litigation Trust Agreement.

[4] Case No. 22-10760, Docket No. 1511.

4

brands, spanning multiple beauty segments. The Debtors' portfolio as of the Petition Date consisted of over 20 key brands associated with thousands of products sold in over 100 countries worldwide. The Debtors' beauty offerings included color cosmetics, fragrances, hair color, hair care, skin care, beauty tools, men's grooming products, deodorants, and other beauty care products, which it developed, manufactured, sold, and marketed across the globe through a variety of distribution channels. The Debtors were a multinational enterprise with worldwide operations, including material business operations in North America, Asia-Pacific, Europe, and South Africa. As of the Petition Date, the Debtors employed 2,744 people, of whom 2,315 were full-time and 429 were part-time employees.

15. Prior to the Petition Date, the Debtors, as a beauty, fragrance, and skin care company, maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

16. The Debtors' financial difficulties that led to the decision to file the voluntary petitions are attributable to a combination of factors, all of which placed significant stress on the Debtors' liquidity position in the months leading up to the Petition Date. A summary of the Debtors' prepetition operations, debt structure, and factors that led to the Bankruptcy Case are set forth in the Disclosure Statement and are incorporated herein by reference.[5]

17. As described in section 3.B of the Plan and section 1.C of the Disclosure Statement, General Unsecured Claims compromise an impaired class of creditors and are not expected to be paid in full.

---

[5] In particular, the Debtors' prepetition debt structure can be found in Article III of the Disclosure Statement, and facts leading to the chapter 11 filing can be found in Article IV.

18. During the ninety (90) days before and including the Petition Date, that is between March 17, 2022, and June 16, 2022 (the "Preference Period"),[6] the Debtors continued to operate their business, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

19. Upon information and belief, during the course of their relationship, Defendant and one or more of the Debtors entered into agreements for the purchase of goods and/or services from the Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications, and other documents (collectively, the "Agreements"). The Agreements concerned and related to the goods and/or services provided by Defendant to one or more of the Debtors as described in the "Parties" section of this Complaint. The payments to the Defendant in respect of the Agreements during the Preference Period are set forth on the Statements of Account, which are attached hereto and incorporated by reference as Exhibits A, B, C, and D. Such details include "Invoice Number," "Invoice Date," "Invoice Amount," and the "Payment Date."

20. Revlon Consumer Products Corporation made transfer(s) of an interest of Revlon Consumer Products Corporation's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Revlon Consumer Products Corporation Transfer(s)"). The details of each Revlon Consumer Products Corporation Transfer are set forth on Exhibit A attached hereto and

---

[6] The Debtor(s) making each transfer are identified on the exhibits to this complaint. Debtors Elizabeth Arden, Inc. and Revlon Consumer Products Corporation filed their bankruptcy cases on June 15, 2022. Debtors Elizabeth Arden (Canada) Limited, Elizabeth Arden (UK) Ltd., Revlon (Puerto Rico) Inc., Revlon Canada Inc., Revlon International Corporation, and Roux Laboratories, Inc. filed their bankruptcy cases on June 16, 2022. Those Debtors that filed on June 15, 2022, have a Preference Period of March 17, 2022, through June 15, 2022; those with a filing date of June 16, 2022, have a Preference Period of March 18, 2022, through June 16, 2022.

6

incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

21. Elizabeth Arden (UK) Ltd. made transfer(s) of an interest of Elizabeth Arden (UK) Ltd.'s property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit B hereto (the "Elizabeth Arden (UK) Ltd. Transfer(s)". The details of each Elizabeth Arden (UK) Ltd. Transfer are set forth on Exhibit B attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

22. Revlon International Corporation made transfer(s) of an interest of Revlon International Corporation's property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit C hereto (the "Revlon International Corporation Transfer(s)"). The details of each Revlon International Corporation Transfer are set forth on Exhibit C attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

23. Revlon Canada Inc. made transfer(s) of an interest of Revlon Canada Inc.'s property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit D hereto (the "Revlon Canada Inc. Transfer(s)" and, together with the Revlon Consumer Products Corporation Transfer(s), Elizabeth Arden (UK) Ltd. Transfer(s), and Revlon International Corporation Transfer(s), the "Transfers"). The details of each Revlon Canada Inc. Transfer are set forth on Exhibit D attached hereto and incorporated by reference. Such details include "Check Number," "Check Amount," "Check Clear Date," and "Debtor Transferor(s)."

24. Plaintiff is seeking to avoid all of the Transfers made by the applicable Debtor(s) to Defendant within the Preference Period.

25. On or about July 26, 2023, and possibly additional date(s), Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s). The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to section 547(c) of the Bankruptcy Code and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

26. Plaintiff also performed Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant. As part of Plaintiff's due diligence, Plaintiff reviewed the Debtors' books and records in Plaintiff's possession and identified that Defendant potentially has $291,259.02 in invoices qualifying for the subsequent new value defense under section 547(c)(4) of the Bankruptcy Code. However, the subsequent new value defense is an affirmative defense, for which Defendant bears the burden of proof under section 547(g). The potential new value is based on the invoice date in the Debtors' electronic books and records. As the dates for new value are often based on the shipping dates for goods and the actual dates of service for services, this preliminary new value number is subject to adjustment. Accordingly, Plaintiff puts Defendant to its burden of proof to establish it is entitled to this new value.

27. Based upon Plaintiff's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing Plaintiff's own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfers, including the review and evaluation described in the three immediately preceding paragraphs, Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendant's alleged affirmative defenses.

28. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee, in accordance with the Bankruptcy Code and for the benefit of all creditors of the Debtors' estates. Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Revlon Consumer Products Corporation Transfers – 11 U.S.C. § 547)**

29. Plaintiff During the Preference Period, Revlon Consumer Products Corporation made each Revlon Consumer Products Corporation Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

30. Each Revlon Consumer Products Corporation Transfer was made from Revlon Consumer Products Corporation, and constituted transfers of an interest in property of Revlon Consumer Products Corporation.

31. Defendant was a creditor of Revlon Consumer Products Corporation at the time of each Revlon Consumer Products Corporation Transfer by virtue of supplying goods and/or

9

services to Revlon Consumer Products Corporation for which Revlon Consumer Products Corporation was obligated to pay in accordance with the Agreements. *See* Exhibit A.

32. Each Revlon Consumer Products Corporation Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Revlon Consumer Products Corporation Transfer either reduced or fully satisfied a debt or debts then owed by Revlon Consumer Products Corporation to Defendant. *See* Exhibit A.

33. Each Transfer was made for, or on account of, an antecedent debt or debts owed by Revlon Consumer Products Corporation to Defendant before such Revlon Consumer Products Corporation Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Revlon Consumer Products Corporation. *See* Exhibit A.

34. Each Revlon Consumer Products Corporation Transfer was made while Revlon Consumer Products Corporation was insolvent. Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

35. Each Revlon Consumer Products Corporation Transfer was made during the Preference Period, as set forth on Exhibit A.

36. As a result of each Revlon Consumer Products Corporation Transfer, Defendant received more than Defendant would have received if: (a) Revlon Consumer Products Corporation's chapter 11 case was cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by Revlon Consumer Products Corporation's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been

10

received to date, and as described in the Plan and Disclosure Statement, Revlon Consumer Products Corporation's liabilities exceed their assets such that Revlon Consumer Products Corporation's unsecured creditors will not receive payment of their claims in full from Revlon Consumer Products Corporation's bankruptcy estate.

37. In accordance with the foregoing, each Revlon Consumer Products Corporation Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**Second Claim for Relief**
**(Avoidance of Preference Period Elizabeth Arden (UK)**
**Ltd. Transfers – 11 U.S.C. § 547)**

38. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

39. During the Preference Period, Elizabeth Arden (UK) Ltd. made each Elizabeth Arden (UK) Ltd. Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit B hereto.

40. Each Elizabeth Arden (UK) Ltd. Transfer was made from Elizabeth Arden (UK) Ltd., and constituted transfers of an interest in property of Elizabeth Arden (UK) Ltd.

41. Defendant was a creditor of Elizabeth Arden (UK) Ltd. at the time of each Elizabeth Arden (UK) Ltd. Transfer by virtue of supplying goods and/or services to Elizabeth Arden (UK) Ltd. for which Elizabeth Arden (UK) Ltd. was obligated to pay in accordance with the Agreements. *See* Exhibit B.

42. Each Elizabeth Arden (UK) Ltd. Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Elizabeth Arden (UK) Ltd. Transfer either reduced or fully satisfied a debt or debts then owed by Elizabeth Arden (UK) Ltd. to Defendant. *See* Exhibit B.

11

43. Each Elizabeth Arden (UK) Ltd. Transfer was made for, or on account of, an antecedent debt or debts owed by Elizabeth Arden (UK) Ltd. to Defendant before such Elizabeth Arden (UK) Ltd. Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Elizabeth Arden (UK) Ltd.. *See* Exhibit B.

44. Each Elizabeth Arden (UK) Ltd. Transfer was made while Elizabeth Arden (UK) Ltd. was insolvent. Elizabeth Arden (UK) Ltd. is entitled to the presumption of insolvency for each Elizabeth Arden (UK) Ltd. Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

45. Each Elizabeth Arden (UK) Ltd. Transfer was made during the Preference Period, as set forth on Exhibit B.

46. As a result of each Elizabeth Arden (UK) Ltd. Transfer, Defendant received more than Defendant would have received if: (a) Elizabeth Arden (UK) Ltd.'s chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Elizabeth Arden (UK) Ltd. Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by Elizabeth Arden (UK) Ltd.'s schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, Elizabeth Arden (UK) Ltd.'s liabilities exceed its assets such that Elizabeth Arden (UK) Ltd.'s unsecured creditors will not receive payment of their claims in full from Elizabeth Arden (UK) Ltd.'s bankruptcy estate.

47. In accordance with the foregoing, each Elizabeth Arden (UK) Ltd. Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

12

**Third Claim for Relief**
**(Avoidance of Preference Period Revlon International**
**Corporation Transfers – 11 U.S.C. § 547)**

48. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Third Claim for Relief.

49. During the Preference Period, Revlon International Corporation made each Revlon International Corporation Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit C hereto.

50. Each Revlon International Corporation Transfer was made from Revlon International Corporation, and constituted transfers of an interest in property of Revlon International Corporation.

51. Defendant was a creditor of Revlon International Corporation at the time of each Revlon International Corporation Transfer by virtue of supplying goods and/or services to Revlon International Corporation for which Revlon International Corporation was obligated to pay in accordance with the Agreements. See Exhibit C.

52. Each Revlon International Corporation Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Revlon International Corporation Transfer either reduced or fully satisfied a debt or debts then owed by Revlon International Corporation to Defendant. See Exhibit C.

53. Each Revlon International Corporation Transfer was made for, or on account of, an antecedent debt or debts owed by Revlon International Corporation to Defendant before such Revlon International Corporation Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms

13

are defined in the Bankruptcy Code) of Defendant prior to being paid by Revlon International Corporation. *See* Exhibit C.

54. Each Revlon International Corporation Transfer was made while Revlon International Corporation was insolvent. Revlon International Corporation is entitled to the presumption of insolvency for each Revlon International Corporation Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

55. Each Revlon International Corporation Transfer was made during the Preference Period, as set forth on Exhibit C.

56. As a result of each Revlon International Corporation Transfer, Defendant received more than Defendant would have received if: (a) Revlon International Corporation's chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Revlon International Corporation Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by Revlon International Corporation's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, Revlon International Corporation's liabilities exceed its assets such that Revlon International Corporation's unsecured creditors will not receive payment of their claims in full from Revlon International Corporation's bankruptcy estate.

57. In accordance with the foregoing, each Revlon International Corporation Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**Fourth Claim for Relief**
**(Avoidance of Preference Period Revlon**
**Canada Inc. Transfers – 11 U.S.C. § 547)**

58. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Fourth Claim for Relief.

59. During the Preference Period, Revlon Canada Inc. made each Revlon Canada Inc. Transfer to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit D hereto.

60. Each Revlon Canada Inc. Transfer was made from Revlon Canada Inc., and constituted transfers of an interest in property of Revlon Canada Inc.

61. Defendant was a creditor of Revlon Canada Inc. at the time of each Revlon Canada Inc. Transfer by virtue of supplying goods and/or services to Revlon Canada Inc. for which Revlon Canada Inc. was obligated to pay in accordance with the Agreements. *See* Exhibit D.

62. Each Revlon Canada Inc. Transfer was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because each Revlon Canada Inc. Transfer either reduced or fully satisfied a debt or debts then owed by Revlon Canada Inc. to Defendant. *See* Exhibit D.

63. Each Revlon Canada Inc. Transfer was made for, or on account of, an antecedent debt or debts owed by Revlon Canada Inc. to Defendant before such Revlon Canada Inc. Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by Revlon Canada Inc. *See* Exhibit D.

64. Each Revlon Canada Inc. Transfer was made while Revlon Canada Inc. was insolvent. Revlon Canada Inc. is entitled to the presumption of insolvency for each Revlon Canada

15

Inc. Transfer made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

65. Each Revlon Canada Inc. Transfer was made during the Preference Period, as set forth on <u>Exhibit D</u>.

66. As a result of each Revlon Canada Inc. Transfer, Defendant received more than Defendant would have received if: (a) Revlon Canada Inc.'s chapter 11 case was a case under chapter 7 of the Bankruptcy Code; (b) the Revlon Canada Inc. Transfers had not been made; and (c) Defendant received distributions on account of its debts under the provisions of the Bankruptcy Code. As evidenced by Revlon Canada Inc.'s schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, and as described in the Plan and Disclosure Statement, Revlon Canada Inc.'s liabilities exceed its assets such that Revlon Canada Inc.'s unsecured creditors will not receive payment of their claims in full from Revlon Canada Inc.'s bankruptcy estate.

67. In accordance with the foregoing, each Revlon Canada Inc. Transfer is avoidable pursuant to section 547(b) of the Bankruptcy Code.

**Fifth Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

68. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with the allegations contained in this Fifth Claim for Relief.

69. Plaintiff is entitled to avoid the Transfers pursuant to section 547(b) of the Bankruptcy Code (the "<u>Avoidable Transfers</u>").

70. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

16

71. Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

### Sixth Claim for Relief
### (Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))

72. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Sixth Claim for Relief.

73. Defendant is a transferee of transfers avoidable under section 547 Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

74. Defendant has not paid the amount of the Transfers, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

75. Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against Plaintiff or the Debtors' estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

76. Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estate or Plaintiff previously allowed by Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfers.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendant:

A. On Plaintiff's First, Second, Third, Fourth, and Fifth Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Transfers, pursuant to sections 547(b) and 550(a)

of the Bankruptcy Code, plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Sixth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Debtors or Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Such other and further relief as this Court may deem just and proper.

Dated: January 30, 2024

**ASK LLP**

By: /s/ *Brigette G. McGrath*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Kara E. Casteel, Esq.
Brigette McGrath, Esq., NY SBN 4962379
Nicholas C. Brown, Esq., NC SBN 38054
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3867
Fax: (651) 406-9676
Email: nbrown@askllp.com

-and-

Edward E. Neiger, Esq.
60 East 42nd Street, 46th Fl.
New York, NY  10165
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Attorneys for Plaintiff*